UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RUDY MAISONNEUVE,<br>   Plaintiff,<br><br> v.<br><br>ELITE LABOR SERVICES WEEKLYS LTD<br>and COMMERCIAL VEHICLE GROUP INC.<br>   Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:22-CV-321-TLS-JPK<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

  This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

  Defendant Commercial Vehicle Group Inc. ("Commercial") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Commercial has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Commercial has alleged a sufficient amount in controversy (subject to any future challenge), but has not properly alleged the parties' citizenships.

  An individual's citizenship "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). The Notice of Removal states that "Plaintiff has alleged that he is a resident of Indiana, *and is therefore a citizen of Indiana* for

purposes of determining jurisdiction under 28 U.S.C. § 1332(a)."[1] [DE 1 ¶ 14 (emphasis added)]. Because the allegation of citizenship is explicitly premised on Plaintiff's residency, it is deficient. Commercial must allege Plaintiff's citizenship based on where he intends to live over the long run, rather than his residency.

Furthermore, Commercial alleged citizenship for all parties in the present tense, as of the time of removal [*see* DE 1 ¶¶ 14-18], but to establish diversity jurisdiction, it must also properly allege the parties' citizenship at the time the state court complaint was filed. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("[D]iversity must exist both at the time of the original filing in state court and at the time of removal.").

Accordingly, the Court **ORDERS** Defendant Commercial Vehicle Group Inc. to **FILE**, on or before **December 9, 2022**, a supplemental jurisdictional statement that properly alleges the parties' citizenship, as described above.

So ORDERED this 18th day of November, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[1] Commercial presumably did not mean that Plaintiff himself alleged that he was a citizen of Indiana under § 1332(a), but rather, that his allegations supported that conclusion. In the complaint, Plaintiff did allege that he is "a resident of Michigan City[,] Indiana." [DE 1-1 at 3]. Regardless, this allegation does not establish citizenship for purposes of diversity jurisdiction.